MARCELO DI MAURO (State Bar No. 268501)
marcelodimaurolaw@gmail.com
LAW OFFICE OF MARCELO DI MAURO
2719 Wilshire Blvd., Ste. 2000
Santa Monica, California 90403
Telephone: (310) 876-2723

Attorneys for Plaintiff A GANJI

JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. GANJI, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC.,<br><br>Defendant. | Case No. 3:18-cv-06321-VC<br><br>**JOINT REQUEST FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)**<br><br>*[Proposed] Order filed herewith*<br><br>Judge: Hon. Vince Chhabria |

Plaintiff A. Ganji ("Plaintiff") and Defendant Lyft, Inc. ("Defendant") hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), that the above-entitled action should be dismissed with prejudice as to Plaintiff's individual claims and without prejudice to the claims of any member of the putative class.  The parties are to bear their own fees and costs.

In support of this Joint Request of Dismissal, the parties submit the following pursuant to Paragraph 44 of the Standing Order for Civil Cases Before Judge Chhabria:

Plaintiff filed his Class Action Complaint in his matter on October 16, 2018.  Defendant, whose response to the Complaint was to be due on January 11, 2019 (ECF No. 17), denies Plaintiff's allegations.  There have been no class proceedings in this case, and Plaintiff has not moved for class certification.  *See* Fed. R. Civ. P. 23(e); Rule 23 Advisory Committee Notes, 2003 Amendments (requiring court approval only if the claims "of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise").  There has likewise been no discovery as to Plaintiff's class allegations, and the parties have not yet identified any putative class members other than Plaintiff.

As a result of the foregoing, each of the factors in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1041, 1408 (9th Cir. 1989) weigh in favor of dismissal without notice to the putative class.  First, the parties do not seek to dismiss the claims of the putative class with prejudice, so no rights or claims of the putative class would be compromised by the requested dismissal.  *See id.* at 1409 (holding that pre-certification dismissal is appropriate without notice where "the absent class members do not suffer prejudice"); *see also, e.g.*, *Richards v. Safeway Inc.*, 2015 WL 163393, at *2 (Jan. 12, 2015) (finding *Diaz* factors to be satisfied because parties sought to dismiss the claims of the putative class without prejudice); *Lyons v. Bank of Am., NA*, 2012 WL 5940846, at *2 (Nov. 27, 2012) (same).  To the extent any member of the putative class has a viable claim, which Defendant denies, there is no reason to believe that such claim would be lost as a result of dismissing Plaintiff's individual claims.  This is particularly so given that the pendency of this putative class action tolled the applicable statute of limitations for members of the putative class.  *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 ("For that reason, there is substantially diminished risk of prejudice for those putative class claims.")

Finally, "it is improbable that any putative class member relied on [Plaintiff's] claim to protect their interest," because, as far as the parties are aware, there has not been any general publicity surrounding Plaintiff's lawsuit. *Luo v. Zynga Inc.*, 2014 WL 457742, at *4 (N.D. Cal. Jan. 31, 2014).

For the reasons set forth above, and because notifying unidentified putative class members, even if possible, would be inordinately burdensome and costly, the parties respectfully submit that further notice of this dismissal is unwarranted.

DATED:  January 29, 2019						LAW OFFICE OF MARCELO DI MAURO


							By:  */s/ Marcelo Di Mauro*
							       MARCELO DI MAURO

							Attorney for Plaintiff A. GANJI

DATED:  January 29, 2019						MUNGER, TOLLES & OLSON LLP


							By:  */s/ Jonathan H. Blavin*
							       JONATHAN H. BLAVIN

							Attorney for Defendant LYFT, INC.

-3-                                                                                                3:18-cv-06321-VC
JOINT REQUEST FOR DISMISSAL

**LOCAL RULE 5-1 ATTESTATION**

I, Jonathan H. Blavin, am the ECF user whose ID and password are being used to file this Joint Request for Dismissal. In compliance with Local Rule 5-1(i)(3), I hereby attest that Marcelo Di Mauro has concurred in the filing of this document with his electronic signature.

DATED: January 30, 2019

MUNGER, TOLLES & OLSON LLP

By:    */s/ Jonathan H. Blavin*
      Jonathan H. Blavin

Attorney for Defendant LYFT, INC.